# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-350V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOHN GOWAN,

                      Petitioner,

          v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                   Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: February 27, 2018

Decision; Final Fees and Costs.

*Howard Scott Gold,* Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Lisa Ann Watt,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART A FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 17, 2016, John Gowan filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he suffered from chronic inflammatory demyelinating polyneuritis as a result of receiving the influenza vaccine on September 26, 2014. The parties ultimately agreed that the issues before them could be informally resolved and submitted a stipulation for damages on December 13, 2017, which I adopted by decision that same day (ECF No. 28).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated February 12, 2018. *See* Motion for Attorney's Fees, dated Feb. 12, 2018 (ECF No. 33) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $24,633.35 (representing $17,330.00 in attorney's fees, plus $7,303.35 in costs). *Id.* at 8-9. In accordance with General Order No. 9, Petitioner indicated that he has not incurred any costs related to the matter. *Id.* at 1.[3] Respondent filed a document reacting to the fees request on February 21, 2018, stating that she is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 34 at 2-3.

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that counsel, Mr. Gold, and his paralegal be reimbursed at varying rates for work performed from 2015-2018. Petitioner requests $360 per hour for Mr. Gold's work in 2015, with increases to $370 per hour in 2016, $380 per hour in 2017, and $390 per hour in 2018. *See*

---

[3] Although Petitioner stated in his fee application that he did not incur any personal costs associated with this matter pursuant to General Order No. 9, he did not file the physical form required. I therefore deem Petitioner to have waived any additional costs not otherwise requested herein.

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Fees App. at 5-8. He also requests $125 per hour for one paralegal for work completed in 2015-2018. *Id.*

It has been determined in the Program that the Gold Law Firm is entitled to forum rates. *See Karl v. Sec'y of Health & Human Servs.,* No. 14-36V, 2016 WL 6069200 (Fed. Cl. Spec. Mstr. Sept. 20, 2016) (finding that rates awarded to attorneys in Wellesley Hills, MA, part of the Boston metro area, are not significantly different from rates awarded to attorneys in the Washington, D.C. area); *see also Cooper v. Sec'y of Health & Human Servs.*, No. 15-471, 2017 WL 1435880 (Fed. Cl. Spec. Mstr. Mar. 30, 2017); *Colston v. Sec'y of Health & Human Servs.*, No. 16-05V, 2017 WL 1152465 (Fed. Cl. Spec. Mstr. Feb. 23, 2017). The hourly rates awarded to Mr. Gold and his paralegal in the above decisions are the same as those requested herein, and I will likewise award them. Furthermore, Mr. Gold's requested increase to $390 per hour for work completed in 2018 is reasonable and will be awarded.

Petitioner also requests that counsel be reimbursed for $7,303.35 in costs (representing the filing fee, medical records requests, and an expert consult with Dr. Marcel Kinsbourne). Fees App. at 9. According to the fee application, Petitioner requests that Dr. Kinsbourne be compensated at a rate of $500 per hour for 13 hours of work (representing a total of $6,500.00 for expert services rendered). *Id.* at 14. I recently issued a decision awarding Dr. Kinsbourne a rate of $400 per hour for substantive work, consistent with the rates awarded him by other special maters. *See L.M v. Sec'y of Health & Human Servs.*, No. 14-714V, 2017 WL 5382907, at * 5 (Fed. Cl. Spec. Mstr. Sept. 29, 2017); *see also Faro v. Sec'y of Health & Human Servs.*, No. 10-704V, 2014 WL 5654330, at *4 (Fed. Cl Spec. Mstr. Oct. 15, 2014). I will therefore reduce Dr. Kinsbourne's rate (consistent with my past decision) and compensate him at a rate of $400 per hour for 13 hours of work performed, resulting in an award of $5,200.00 for expert services (a total costs reduction of $1,300.00).

Upon my review of the billing record, the hours expended on this matter by counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Thus, I will reimburse counsel in full for his work on this matter. Additionally, apart from the requested rate for Dr. Kinsbourne, the requested litigation costs to obtain medical records and pay the filing fee are reasonable and will be awarded in full.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$23,333.35**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Howard S. Gold, Esq. In the absence of a motion

for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.